UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VICKI JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendants. | Case No. 2:18-cv-01987-APG-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Amended Complaint (ECF No. 5), filed on November 16, 2018.

**BACKGROUND**

On October 18, 2018, the Court entered an order granting Plaintiff's Application for Leave to Proceed *In Forma Pauperis* and dismissing Plaintiff's complaint without prejudice. *See* ECF No. 2. The Court granted Plaintiff leave to amend and instructed Plaintiff to file an amended complaint correcting the noted deficiencies of her original complaint no later than November 16, 2018. Plaintiff alleges a claim against the Social Security Administration (SSA). Plaintiff appears to challenge its denial of social security benefits. Plaintiff appears to allege that the Social Security Commissioner denied her social security benefits and now seeks judicial review of that decision.

**DISCUSSION**

Upon granting a request to proceed in forma pauperis and granting leave to amend, a court must additionally screen a complaint pursuant to 28 U.S.C. §1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion

1

thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In its order (ECF No. 2), the Court gave Plaintiff leave to amend the noted deficiencies of her complaint and informed Plaintiff that pursuant to Local Rule 15-1, the Court could not refer to a prior pleading in order to make her amended complaint complete.

**I.     Screening the Instant Amended Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

To satisfy the screening requirements with respect to social security appeals, a plaintiff must set forth the following: (1) the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision; (2) the complaint must indicate the judicial district in which the plaintiff resides; (3) the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled; and (4) the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *Montoya v. Colvin*, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing *Soete v. Colvin*, 2013 WL 5947231, *2 (D. Nev. Nov. 4, 2013); *Pitcher v. Astrue*, 2012 WL 3780354, *1 (D. Nev. Aug. 30, 2012)).

Plaintiff's original complaint was dismissed because Plaintiff failed to allege that she exhausted her administrative remedies, timely commenced this case, that she resides in this judicial district, the nature of her disability, or the basis of her challenge to Social Security

Administration's determination denying her benefits.  *See* ECF No. 2.  Her amended complaint again fails to correct many of the defects identified in this court's prior screening order.  Plaintiff again fails to allege that she exhausted her administrative remedies or that she timely commenced this case.  Although unclear, Plaintiff provides more information as to the nature of her disability.  Plaintiff, however, fails to coherently identify the nature of her disagreement with the determination made by the Social Security Administration and make a showing that she is entitled to relief.  The Court will, therefore, dismiss Plaintiff's amended complaint without prejudice and with leave to amend.  Plaintiff has another opportunity to file a second amended complaint.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete.  Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Plaintiff is advised that litigation will not commence upon the filing of an amended complaint.  Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e).  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.  Plaintiff shall have until **April 8, 2019** to file a second amended complaint correcting the noted deficiencies.  Accordingly,

. . .

. . .

. . .

. . .

. . .

. . .

4

**IT IS HEREBY ORDERED** the Amended Complaint (ECF No. 5) is **DISMISSED** with leave to amend. Plaintiff shall have until **April 8, 2019** to file a second amended complaint correcting the noted deficiencies.

Dated this 8th day of March, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE